## Commonwealth v. Kotzman

*Gary E. Hartman, District Attorney*, for Commonwealth.

*William C. Costopoulos*, for defendant.

SPICER, *P.J.*, August 8, 1978—Defendant has been charged with the crime of involuntary manslaughter based upon an automobile accident oc-

curring June 25, 1978. On that day, the Commonwealth has accused Mrs. Kotzman of operating her vehicle in a reckless or grossly negligent manner and causing the death of another motorist.

Defendant was severely injured in the accident. Her injuries included concussion. Because she says she remembers nothing, she claims that she is incompetent to stand trial. Furthermore, because she says her condition will not improve she asks that the case be dismissed.

At a hearing August 1, 1978, on her pretrial application, defendant herself testified and called six other witnesses to testify that she suffered from amnesia as a result of the accident.

Defendant's first two witnesses were doctors presently acting as residents in surgery at the York Hospital. Their testimony was received under objections. Neither qualified as experts in the field of mental disability but both had enough special knowledge to testify that after the accident and during treatment that continued for six weeks, defendant suffered from anterior amnesia, that is, the inability to recall facts and circumstances following the accident, and retrograde amnesia, that is, the inability to recall facts and circumstances immediately preceding the accident.

Defendant testified that she can remember nothing of the accident nor of the events leading up to it. She does not know why she was driving, where she was going, or what caused the accident. There was testimony that she did not realize she was married and did not recognize her 16-month-old child immediately following the accident.

Her other witnesses testified that her complete loss of memory has continued until the present time.

Under the Mental Health Procedures Act of July 9, 1976, P.L. 817, 50 P.S. §7403, defendant, because she was the moving party, had the burden of proving her incompetency. Defendant concedes that she has produced no medical testimony which describes a presently existing condition but submits that her other witnesses and herself have described a presently existing condition. She submits that she has proven by a preponderance of the evidence her incompetency to stand trial and, in the alternative, if the court finds that she has failed to meet her burden, asks that a psychiatric examination be ordered under section 7402(c) and (d).

The test or standard by which incompetency is measured is contained in section 7402(a) of the Act of 1976, and states that a defendant is incompetent to stand trial if that person is "substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense."

It is clear that defendant understands the nature or object of these proceedings. However, she claims that because she remembers nothing of the incident, she is unable to prepare a defense. Indeed, she suggests that if the case proceeds to trial she will be placed in a position of listening to the evidence against her with no means of refutation, contradiction, or explanation. Because of this, she submits the outcome of the trial might well be a foregone conclusion.

In urging her position on the court, defendant has attempted to distinguish this case from Com. v. Barky, 476 Pa. 602, 383 A. 2d 526 (1978).

In the Barky case, the Supreme Court rejected the contention that amnesia alone denied a defendant the opportunity to present a defense or effective

assistance to counsel. The opinion of Barky would seem to rule this case before the court. In Barky, the Supreme Court said:

"Appellant contends that he was denied a fair trial because he was suffering from amnesia and thus was unable to either offer a defense or obtain effective assistance of counsel. Because of this, appellant claims he is entitled to a discharge. We disagree, for we rejected a similar claim in Com. ex rel. Cummins v. Price, 421 Pa. 396, 406, 218 A. 2d 758, 763 (1966)." 476 Pa. at 605, 383 A. 2d at 527.

However, the opinion in Barky, supra, was by a six justice court and three justices filed a concurring opinion in which, speaking through Roberts, J., they said:

"I join in the Opinion of the Court with the understanding that neither today's decision nor Commonwealth v. Price [citation omitted] establishes a per se rule that amnesia can never render an accused incapable of standing trial. Where amnesia affects the ability of an accused to prepare a defense, incapacity to stand trial may be demonstrated." 476 Pa. at 607, 383 A. 2d at 528 (1978).

Even though all six justices joined in the opinion of court, this statement seems at first to contradict the holding of the court. However, there is language in the opinion of court that may explain the second sentence quoted from the concurring opinion.

The opinion of the court stated: "We believe Cummins is indistinguishable from the instant case, since in both cases the defendant's amnesia affected only their memories of the alleged criminal incidents." 476 Pa. 602, 383 A. 2d 526 (1978), then

went on to hold that "amnesia alone" does not prevent a fair trial and effective assistance of counsel.

Defendant argues that Barky must be interpreted as holding that only amnesia of the incident itself does not preclude competency to stand trail. Because her amnesia extends to events before the accident, as well as after, she submits that her situation is thus within the contemplated exception to the holding in Barky.

We cannot agree. There would seem no rational differences in a situation where defendant did not remember events leading up to an incident and a situation where a defendant did not remember the incident. This would be little different than where an accused remembered everything but the crucial facts of an incident, as was said in Barky, supra, citing 71 Yale L.J. 109, 128 (1961): "How much worse off is a generally amnesic defendant on trial for murder, for example, than one who remembers all but the dispositive fact: who struck the first blow?"

This court thinks that a more rational interpretation of the Supreme Court's position in Barky, supra, is that although amnesia alone will not render a defendant incompetent to stand trial, it can, when considered with other circumstances, such as a mental disability, render that person incompetent.

We hold that defendant's amnesia of the events of the day of the incident do not render her incompetent to stand trial.

## ORDER

And now, August 8, 1978, defendant's pretrial application for relief is hereby denied.